# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RONALD JONES, Register No. 8227, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4255-CV-C-SOW |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Ronald Jones, while an inmate confined at Tipton Correctional Center, a Missouri penal institution, commenced this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging a violation of his federally protected rights.[1]

On December 11, 2008, plaintiff was granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. A review of the record revealed that plaintiff was no longer confined at Tipton Correctional Center. On December 29, 2008, plaintiff was directed to provide the court with his current address. In that order, plaintiff was advised that if he did not comply with the order, his case may be dismissed under the provisions of Rule 41(b), Federal Rules of Civil Procedure. As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with "a court order." Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp.,

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

527 F.2d 1168, 1170 (9th Cir. 1975). See generally 15 A.L.R. Fed. 407 (1973).

Plaintiff's mail was returned, marked "not at this address." Plaintiff has done nothing to prosecute his claims since November 14, 2008.

Based on the foregoing, plaintiff's motions for appointment of counsel will be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice. [3, 7] It is further

RECOMMENDED that plaintiff's claims be dismissed, without prejudice, for failure to prosecute and to comply with orders of the court, pursuant to the provisions of Fed. R. Civ. P. 41(b). It is further

RECOMMENDED that defendants' motion to dismiss be denied, without prejudice to reconsideration should this case not be dismissed in accord with this recommendation. [12]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 30th day of January, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge